IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

ROGER DALE MORRIS,              )
                                )
        Plaintiff,              )
                                )
    v.                          )          CIVIL ACTION NO.
                                )          6:13-cv-0825-AKK
CAROLYN W. COLVIN,              )
Acting Commissioner of Social Security,  )
                                )
        Defendant.              )

## MEMORANDUM OPINION

Plaintiff Roger Dale Morris ("Morris") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I. Procedural History

Morris, whose past relevant experience includes work as logger, filed an application for Title XVI Supplemental Security Income on February 22, 2010, alleging an amended disability onset date of February 22, 2010, due to severe arthritis. (R. 18, 157). After the SSA denied Morris's claim, he requested a hearing before an ALJ. (R.

107).  The ALJ subsequently denied Morris's claim, (R. 15-28), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 3-9).  Morris then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the

2

Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2)   whether the claimant has a severe impairment;

(3)   whether the impairment meets or equals one listed by the Secretary;

(4)   whether the claimant is unable to perform his or her past work; and

(5)   whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Morris had not engaged in substantial gainful activity since February 22, 2010, and, therefore, met Step One.  (R. 21).  Next, the ALJ found that Morris satisfied Step Two because he suffered from the severe impairments of "arthritis and emphysema."  *Id*.  The ALJ then proceeded to the next step and found that Morris failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  *Id.*  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Morris has the residual functional capacity (RFC) to perform

> medium work as defined in 20 CFR 416.967(c) except [Morris] can do no right lower extremity pushing and/or pulling. [Morris] can occasionally stoop, climb, and bend. [Morris] is restricted to an occasional ability to use his right upper extremity for pushing and/or pulling or using his right upper extremity for overhead reaching or lifting.  [Morris] should work in a temperature controlled environment and can have no exposure to dust, fumes, or gases.

*Id.* In light of his RFC, the ALJ held that Morris "is unable to perform any past relevant work." (R. 26). Lastly, in Step Five, the ALJ considered Morris's age, education, work experience,[1] and RFC, and determined "there are jobs that exist in significant numbers in the national economy [Morris] can perform." *Id.* Therefore, the ALJ found that Morris "has not been under a disability, as defined in the Social Security Act, from February 22, 2010, the date the application was filed." (R. 27).

## V. Analysis

The court now turns to Morris's contentions that the ALJ erred by failing to (1) give proper weight to his treating physician; (2) fully develop the record; and (3) follow Social Security Ruling 83-12. *See* doc. 12 at 1. The court addresses each contention in turn.

    A.    <u>Morris's Treating Physician's Opinion</u>

Morris contends the ALJ erred by giving little weight to the opinions of his treating physician, Dr. Robert Long. The medical records show that Dr. Long treated Morris only twice. On September 3, 2010, Morris saw Dr. Long for treatment of high blood pressure, and Dr. Long noted Morris's physical examination was normal, and diagnosed hypertension, COPD, insomnia, and chronic back and leg pain. (R. 240). Although Dr. Long instructed Morris to return in one moth, Morris did not return for further treatment until fourteen months later, when on November 21, 2011, he

---

[1] As of the date of the ALJ's decision, Morris was 59 years old, had a high school education, and past relevant heavy semi-skilled work as a logger. (R. 26).

complained of abdominal pain, nausea, and fatigue. (R. 239). Dr. Long noted that Morris tested positive for H. pylori,[2] and diagnosed gastritis, H. pylori infection, and depression/insomnia. (R. 239). Dr. Long also completed a questionnaire provided by Morris's attorney on January 5, 2012, that indicated Morris was currently unable to sustain an eight-hour work day. (R. 259). Morris contends that this opinion establishes that he is disabled and, consequently, argues the ALJ erred in giving it no weight.

To determine how much weight, if any, to give Dr. Long's opinions, the ALJ had to consider several factors, including whether Dr. Long (1) had examined Morris; (2) had a treating relationship with Morris; (3) presented medical evidence and explanation supporting the opinion; (4) provided an opinion that is consistent with the record as a whole; and (5) is a specialist. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Because Dr. Long is a treating physician, the ALJ must give "controlling weight" to his opinion if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Moreover, in this circuit "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" exists when the

---

[2] "H. pylori is a common gastric pathogen that causes gastritis, peptic ulcer disease, gastric adenocarcinoma, and low-grade gastric lymphoma. Infection may be asymptomatic or result in varying degrees of dyspepsia."

http://www.merckmanuals.com/professional/gastrointestinal_disorders/gastritis_and_peptic_ulcer_disease/helicobacter_pylori_infection.html

evidence does not bolster the treating physician's opinion; a contrary finding is supported by the evidence; or the opinion is conclusory or inconsistent with the treating physician's own medical records. *Id*. Finally, if the ALJ rejects a treating physician's opinion, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion . . . and the failure to do so is reversible error." *Id.*

The ALJ considered these factors, and ultimately gave "no weight" to Dr. Long's opinion. (R. 25). In reaching this decision, the ALJ provided multiple reasons–all of which are supported by substantial evidence–that constituted good cause for rejecting Dr. Long's opinion. First, the ALJ correctly found that the opinion "is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." (R. 25); *see Lewis v. Callahan*, 125 F.3d at 1440 (good cause exists when the opinion is conclusory); 20 C.F.R. §§ 404.1527(c), 416.927(c) (more weight is given when the physician presents supporting evidence and explanation). Second, the ALJ noted that "while [Dr. Long] does have a treating relationship with [Morris], the treatment history is quite brief and, indeed, constitutes two visits more than a year apart." (R. 25-26); *see Petteway v. Comm'r of Soc. Sec.*, 353 F.App'x 287, 290 (11th Cir. 2009) (good cause exists when the record shows infrequent medical visits). Finally, the ALJ found Dr. Long's opinion was inconsistent with the other medical evidence because Morris's treatment history "has not been consistent with what one would expect if [he] were truly disabled, as the doctor has reported." (R. 26). Indeed, outside of his visits to Dr. Long, Morris sought treatment only twice after 2006: in August 2010 for nausea and vomiting,

7

(R. 242-49), and in February 2011 for injuries sustained after he fell while working with a chainsaw. (R. 250-57, 200-23). Significantly, neither of these visits was for treatment of the chronic conditions that Morris contends are disabling. *See Lewis*, 125 F.3d at 1440 (good cause exists when the other evidence does not bolster the treating physician's opinion).

Based on the record before this court, it is evident that the ALJ considered the factors set forth in the regulations and, consistent with the law of this circuit, articulated good cause for giving Dr. Long's opinions little weight: i.e., that Dr. Long's treatment history was brief and contained long gaps between visits, that the opinion was conclusory and offered little explanation of its evidentiary basis, and that Morris's treatment history was inconsistent with the opinion. Therefore, the ALJ had good cause for rejecting Dr. Long's opinions. Accordingly, because this court does not reevaluate the evidence, or substitute its judgment for that of the ALJ, *see Martin*, 894 F.2d at 1529, the ALJ committed no reversible error in rejecting Dr. Long's opinion.

      B.     <u>Proper Development of the Record</u>

Morris next contends that the ALJ "did not adequately develop the record by ordering cat scans, MRI's and other diagnostic tests to meet [his] burden" in light of Dr. Long's opinion. Doc. 12 at 10. However, Morris's contention misses the mark because the regulations provide that it is Morris's responsibility to provide the evidence necessary to establish his disability: "You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled." 20

C.F.R. § 416.912(c).  The Eleventh Circuit recognized this burden in *Ellison v. Barnhart*, and emphasized that "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a), (c)).  Ultimately, to the extent there was a deficiency in the evidence, it resulted from Morris' failure to satisfy his burden of showing how his impairments affected his functioning.

Moreover, before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir.1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. Unit A July 1981).  Therefore, "although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before [a reviewing court] will remand for further development of the record." *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (unpublished) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).  Significantly, Morris has not identified any gaps in the evidence that cause unfairness or prejudice, and because sufficient medical evidence[3] existed to allow the ALJ to determine whether Morris was disabled, the record was complete.  *See* 20 C.F.R. § 416.913(e).  Consequently, no additional development was required, and the ALJ committed no reversible error.

---

[3] This evidence included a consultative physical examination ordered by the SSA, which showed Morris had full muscle strength and tone, without any atrophy or abnormal movements, and that heel-toe walk, standing and sitting were normal. (R. 195-96).

    C.    <u>Social Security Ruling 83-12</u>

Finally, Morris contends that the ALJ failed to follow Social Security Ruling (SSR) 83-12, which according to Morris, "could justify [a] finding of disabled." Doc. 10-11. Morris's reliance on SSR 83-12 is misplaced, however, because that ruling applies to "claims in which an individual has only exertional limitations."[4] SSR 83-12, 1983 WL 31253, at *1. Here, the ALJ found Morris had both exertional and nonexertional limitations,[5] (R. 21), and, therefore, SSR 83-12 does not apply. Moreover, the ALJ properly followed SSR 83-14 (which applies to claimants with a combination of exertional and nonexertional limitations) and relied on the testimony of a vocational expert to find that Morris could perform other work in spite of his combined exertional and nonexertional limitations. 1983 WL 31254, at *3-4. Accordingly, Morris's contention is without merit, and the ALJ committed no reversible error.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Morris is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's

---

[4] Exertional limitations affect a claimant's ability to meet a job's "strength demands," such as sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a(a).

[5] Morris's nonexertional limitations include restrictions for only occasional stooping, climbing and bending, and for work in a temperature-controlled environment, with no exposure to dust fumes, or gases. *See* SSR 85-15, 1985 WL 56857, at *3.

final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 29th Day of September, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE